Johnson J.
delivered the opinion of the Court.
The act of 1777 (Pub. Laws, 286) declares that all contracts founded on usurious consideration, “shall be utterly void and of none effect,” and the act of 1830, so far repeals it, as to allow the plaintiff to recover on the usurious contract the principal sum loaned or for-born without interest or costs. It does not appear from the report when the note on which this action was brought, was dated, but the case made, supposes that it was before the act of 1830, and that the con *183 sideration was usurious, and the question is, whether the plaintiff is entitled under this act to recover the principal sum.
The rule on this subject is so distinctly marked, that but for the zeal with which the counsel have supported this'motion, and a similar motion m the case of Maers v. Follin, I could not have supposed that serious doubts could have been entertained concerning it. A contract must be good or bad, valid or void, at the time it is made; no subsequent contingency in which the parties are not the actors, can vary it, Bul. N. P. 146, 10 Mod. 67. It is an universal rule that contracts which have for their object any thing which is repugnant to justice, or against the general policy of the common law, or contrary to the provisions of a statute, are void, Fonb. Eq. Book, 5, ch. 1, sec. 4, note y. The act of 1777 not only declares an usurious contract void, but imposes a forfeiture of treble the amount of the sum, lent or forborn; and I cannot readily perceive by what means the legislature couldhave more strongly marked their prohibition to such a contract. This contract imposed no obligation on the defendant at the time it was made, and if we were to suppose that by the act of 1830, the legislature'had in explicit terms, declared that the defendant should pay this identical debt, still he would not have been liable. In addition to the limitations imposed by the constitution on the legislative authority, which are broad enough to cover this case, there is a moral sense which forbids their imposing antecedent obligations ; such a thing never was tolerated in this or any other civilized country, and we should be equally inexcusable to adopt a construction leading to such consequences contrary to the spirit of the act.
The argument of the counsel, went principally to shew that the act of 1777 belongs to the class of laws denominated the lex fori, and not the lex contractus, and here again the distinction appears to me to be too well marked to admit of any controversy, the terms themselves indicate it. The former regulate the mode of proceeding in the Court, the latter directly *184 affect the contract itself, and usury enters into its ve-iy esseuce. The cases relied on by the counsel were intended to show that usury must be well pleaded, that money paid on an usurious contract could not be recovered back in assumpsit, and that equity would not relieve against usury. The matter of pleading, appertains directly to the lex fori, and does not affect the contract itself, and the objections to recovering back money, paid in an usurious contract, or to relief in equity, arise out of principles which do not effect the original contract.
Pepoon, for the motion.
-, contra.
O’Neall J. concurred.
Harper. J. absent.